## J. L. Sullivan, et al., *v.* Daniel Norris.

**Contracts—Agency.**

An agent cannot collect what is due his principal by discharging his (the agent's) own debts; the debtor in such a case cannot discharge his indebtedness to the principal by crediting himself with an amount owing to him by the agent.

### APPEAL FROM HARRISON CIRCUIT COURT.

February 27, 1875.

Opinion by Judge Pryor:

The testimony on the part of the appellee established the fact that there was about one thousand pounds of tobacco in the lot that appellee was claiming, belonging to James Norris.

On the part of the appellants, there was proof conducing to show that nearly one-half of the tobacco claimed by the appellee belonged to James Norris. That appellee was the owner of the tobacco was expressly denied by the answer, and yet the jury were told that if the defendants (appellants) received the tobacco in the account of

sales filed with the petition to sell for the plaintiff (appellee), they must find for the paintiff the amounts for which the said tobacco was sold, less the costs, charges, etc.

This instruction, under the proof, was erroneous, for the reason that, although the appellants may have received the tobacco to sell for the appellee, still, if any part of it beonged to James Norris, the appellants had the right to apply the proceeds to that extent to the payment of what James Norris owed them.

The jury, from this instruction, was compelled to find for the appellee the whole of the proceeds of the tobacco, whether it belonged to him or not, and particularly when the court refused to instruct the jury that if the appellee was not the owner of the tobacco they must find for the defendant. The question as to who owned the tobacco, or the extent of James Norris's interest in it, was taken entirely from the jury, when it was conceded by appellee that he owned one thousand pounds, and when proof had been heard on the part of appellants tending to show that he had a greater interest.

As this question was taken from the jury, or not submitted to them, neither the appellee nor the court had the right to determine that question, and to adjudge, by abating the amount of the verdict, that what James Norris said in regard to this matter was true, and that the other witnesses were mistaken. This may have been the case, but if so, it was a question for the jury. The jury should have been told that if this tobacco belonged to the appellee, and was sold by appellants for the appellee, that the latter was entited to recover; or if the tobacco was intrusted by appellee, with James Norris as his agent, to sell or have sold, and the same was sold by appellants, the latter is liable to appellee for the amount of the proceeds unless the same had been paid to James Norris.

The jury, as the proof now appears, should also have been told that although they may believe from the testimony that James Norris was the agent of appellee, and had this tobacco sold for him by appellants, that appellants had no right to appropriate the proceeds to the payment of what James Norris owed them, and that such payment, if made, did not preclude the appellee from recovery, unless he consented that the payment should be thus made, or after it was made, ratified it.

An agent has no right to collect what is due his principal by discharging his (the agent's) own debts, and this rule applies, whether the party making such a payment knew he was the agent at the time

or not. If, from the evidence, any part of the tobacco belonged to James Norris, to that extent the appellants could apply the proceeds.

Judgment *reversed* and cause remanded with directions to award the appellants a new trial, and for further proceedings consistent with this opinion.

*J. N. Turber, A. Duvall, Ward, for appellants.*

*E. Whittaker, for appellee.*